UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MICHAEL L.,[1] | : | Case No. 3:22-cv-069 |
| | : | |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY**

Plaintiff Michael L. brings this case challenging the Social Security Administration's denial of his applications for period of disability, Disability Insurance Benefits, and Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #11), the Commissioner's Memorandum in Opposition (Doc. #12), Plaintiff's Reply (Doc. #13), and the administrative record (Doc. #10).

**I.    Background**

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1),

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff protectively applied for benefits in July 2014, alleging disability due to bipolar disorder and depression. (Doc. #10-2, *PageID* # 306). After Plaintiff's applications were denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Elizabeth A. Motta. On June 1, 2017, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. *Id*. at 136-58. The Appeals Council granted Plaintiff's request for review because "the record upon which the Administrative Law Judge based the decision could not be located," and remanded the matter for further proceedings. *Id.* at 159-61.

On remand, the claim was assigned to ALJ Stuart Adkins, who held a second hearing on July 29, 2019. *Id*. at 71-93. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[2] The ALJ reached the following main conclusions:

| | | |
|---|---|---|
| Step 1: | | Plaintiff has not engaged in substantial gainful activity since June 15, 2014, the alleged onset date. |
| Step 2: | | He has the following severe impairments: Hypertension; Obesity; Asthma; Bipolar/Depressive Disorder; and Anxiety Disorder. |
| Step 3: | | Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |

---

[2] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

    Step 4:    His residual functional capacity (RFC), or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consist of "light work … with the following limitations: (1) lifting and carrying up to 50 pounds occasionally and 25 pounds frequently; (2) sitting, standing, and walking each six hours each in an 8-hour workday; (3) frequent postural activity, such as climbing stairs and/or ramps, balancing, stooping, kneeling, crouching and crawling; (4) no exposure to extremes of heat, cold, wetness, or humidity; (5) simple, repetitive tasks that are considered low stress, which is defined as no strict production quotas or fast pace and only routine work with few changes in the work setting; (6) no contact with the public as part of job duties; and (7) occasional contact with coworkers and supervisors, including no teamwork or over-the-shoulder supervision."

        Plaintiff is unable to perform his past relevant work.

    Step 5:    Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform.

(Doc. #10-2, *PageID* #s 48-62). Based on these findings, the ALJ concluded that Plaintiff has not been disabled since June 15, 2014. *Id.* at 62-63.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #10-2, *PageID* #s 45-63), Plaintiff's Statement of Errors (Doc. #11), the Commissioner's Memorandum in Opposition (Doc. #12), and Plaintiff's Reply (Doc. #13). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.    <u>Standard of Review</u>

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec*., 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial

evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives [Plaintiff] of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

### III.    Discussion

Plaintiff argues that the ALJ erred in evaluating the mental health medical source opinions. Specifically, Plaintiff contends that the ALJ incorrectly applied the required criteria by applying significantly more rigorous scrutiny to the joint opinion of treating psychiatrist Ramakrishna Gollamudi, M.D. and treating therapist Darrell Guest than to the opinions of the state agency non-examining psychologists.  (Doc. #11, *PageID* #s 1636-43). The Commissioner maintains that the ALJ carefully examined the medical and other evidence in the record and reasonably weighed the medical opinions in light of that evidence. (Doc. #12, *PageID* #s 1648-56).

Social Security Regulations provide that an ALJ is required to consider every medical opinion in the record and weigh each according to factors like the nature of the relationship,

4

supportability, consistency, and specialization. 20 C.F.R. § 404.1527(c)(1)-(6). The Regulations recognize several different types of "acceptable" medical sources: treating physicians, non-treating, yet examining physicians, and non-treating, record-reviewing physicians." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013); *see* 20 C.F.R.§ 404.1502. Generally, a treating doctor's opinion is entitled to more weight, and an ALJ must give good reasons for the weight given a treating doctor's opinion. *See* 20 C.F.R. § 404.1527(c)(2); *Gayheart*, 710 F.3d at 376. Indeed, when the treating source's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record[,]" the ALJ is required to place controlling weight on the treating source's opinion.[3] *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).

Nonetheless, an ALJ may discount a medical source's opinion, including a treating source's opinion, when the source fails to explain or provide objective medical evidence to support his or her opinion or if the source's opinion is inconsistent with the record as a whole. *See* 20 C.F.R. § 404.1527(c); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529-30 (6th Cir. 1997). In addition, although medical source opinions about what an individual can still do or the individual's restrictions are relevant evidence, such opinions are not determinative because the ALJ has the responsibility of assessing the individual's RFC. *See* 20 C.F.R. §§ 404.1527(d)(2), 404.1545(a)(3), 404.1546(c); *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010).

---

[3] On January 18, 2017, the Social Security Administration promulgated "Revisions to Rules Regarding the Evaluation of Medical Evidence," which, among other things, served to eliminate the treating physician rule for claims filed on or after March 27, 2017. *See* 82 Fed. Reg. 5844, 2017 WL 168819 (Jan. 18, 2017)(to be codified at 20 C.F.R. pts. 404, 416). Since Plaintiff's applications were filed prior to the effective date of March 27, 2017, the treating physician rule is still applicable to his claims.

As noted above, Plaintiff challenges the ALJ's assessment of the joint opinion of his treating psychiatrist and social worker. (Doc. #11, *PageID* #s 1636-43). Specifically, Plaintiff argues that the ALJ erred in giving greater weight to the state agency reviewing psychologist and did not sufficiently scrutinize each medical opinion. *Id*.

Dr. Gollamudi, Plaintiff's treating psychiatrist, and Mr. Guest, his treating therapist, completed a mental impairment questionnaire in March and April 2016, in which they noted that Plaintiff exhibited many symptoms, including, poor memory; appetite disturbance with weight change; sleep disturbance; personality change; mood disturbances; emotional lability; feelings of guilt/worthlessness; difficulty thinking or concentrating; and decreased energy; and generalized persistent anxiety. (Doc. #10-4, *PageID* #960). As for Plaintiff's functional limitations, they indicated that he had moderate restrictions in activities of daily living; marked difficulties in maintaining social functioning; marked deficiencies of concentration, persistence, or pace; and moderate episodes of deterioration or decompensation in work. *Id*. at 962. They noted that Plaintiff's prognosis was stable with treatment and concluded that Plaintiff would be absent from work three or more times per month. *Id.* at 961.

Upon review, the ALJ concluded that Dr. Gollamudi's opinion was entitled to "some" weight." (Doc. #10-2, *PageID* #52). In support, the ALJ pointed out that the "opinion did not set forth specific functional limitations" and instead reported Plaintiff's symptoms and levels of impairments. *Id*. As to Dr. Gollamudi's finding that Plaintiff was markedly impaired in social functioning, the ALJ concluded that such findings were "unsupported by any medical or other evidence anywhere in the record." *Id*. Here, he stressed that "Dr. Gollamudi has consistently

6

reported that [Plaintiff] is cooperative and he maintains a stable relationship with his family." *Id*. The ALJ also disagreed with Dr. Gollamudi's finding that Plaintiff was markedly impaired in concentration, persistence, or pace, citing to the reports that Plaintiff had "consistently intact cognition, normal and coherent thought process, logical thought associations, appropriate thought content, no perceptual disturbances, and good insight and judgment." *Id*. Additionally, the ALJ highlighted the discrepancies between Dr. Gollamudi's report of symptoms in the medical impairment questionnaire and his treatment notes, which did not show that Plaintiff "complain[ed] of decreased energy or appetite disturbance with weight change, personality changes, or significant sleep disturbance[]" and, instead, indicated that Plaintiff had "generally reported that his sleep is ok" without reports of "decreased energy or appetite changes." *Id*. The ALJ also determined that "Dr. Gollamudi's statement that [Plaintiff] would miss three days of work a month or more [was] speculative at best, particularly when the stability and consistent improvement noted by him during office visits." *Id*. at 52-53. Further, the ALJ pointed out that, with the exception of two medical adjustments, Dr. Gollamudi had not changed Plaintiff's treatment since August 2014. *Id*. at 53. In concluding, the ALJ provided a summary of his assessment:

> As a result, Dr. Gollamudi's, and the social worker's, assessment are entitled to some weight concerning the diagnosis and the need for some functional limitations, but not controlling weight concerning his opinion that [Plaintiff] is markedly impaired or would miss work frequently. Further, that assessment is not entitled to deferential weight or even significant weight because, although Dr. Gollamudi is a long-time treating source, his opinion is inconsistent with his own treatment records, as well as his treatment regimen and the noted stability documented throughout the record. Those factors severely undermine that assessment and it is entitled to weight only to the extent that [Plaintiff] has a mental impairment requiring some work-related restrictions.

(Doc. #10-2, *PageID* #s 52-53).

Substantial evidence does not support the ALJ's reasons for assigning "some weight" to Dr. Gollamudi's opinion. In discounting his opinion, the ALJ focused on Plaintiff's "cooperative" behavior during treatment and his "stable relationship with his family" to undermine Dr. Gollamudi's finding that Plaintiff is markedly impaired in the area of social functioning. (Doc. #10-2, *PageID* #53). However, Plaintiff's ability to interact with Dr. Gollamudi or his other healthcare providers for limited periods of time is not necessarily indicative of Plaintiff's ability to work "on a *sustained basis*, which is how functional limitations of mental impairments are to be assessed." *Gayheart*, 710 F.3d at 377; *see also Hale v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 785, 794-95 (S.D. Ohio 2017) (citing *Lust v. Comm'r of Soc. Sec.*, No. CIV.A. 10–261, 2010 WL 2773205, at *2 (W.D. Pa. July 13, 2010) (stating that "[f]or purposes of Social Security disability, the ability to perform competitive work on a sustained basis means the ability to work on a regular and continuing basis, *i.e.*, 8 hours a day for 5 days a week or an equivalent schedule")). Additionally, the ALJ's finding that Plaintiff had a "stable relationship with his family" does not appear to be an accurate characterization of the evidence. Indeed, the ALJ himself documented Plaintiff's report to Dr. Gollamudi that he was "not doing well and was separated from his wife." (Doc. #10-2, *PageID* #50) (citing Doc. #10-2, *PageID* #415). The ALJ also acknowledged other exams where Plaintiff informed Dr. Gollamudi that he was experiencing increased stress and exhibited an anxious mood as a result of issues at home, including the death of his father-in-law and difficulty with his daughter. *Id.* (citing 10-4, *PageID* #s 942, 976). Finally, while not reflected in Dr. Gollamudi's treatment notes, Plaintiff also testified to having "constant disagreements" with

his wife and having previously been charged with domestic violence. (Doc. #10-2, *PageID* #s 111-12). Accordingly, the ALJ's reliance on Plaintiff's "stable relationship with his family" as a basis for undermining Dr. Gollamudi's findings on Plaintiff's social limitations is not supported by substantial evidence.

Additionally, the ALJ's emphasis on the fact that Dr. Gollamudi maintained Plaintiff's medications and treatment regimen with little to no changes, implying that Plaintiff could not have the degree of limitations provided by Dr. Gollamudi without a change in treatment, is not a good reason for discounting his opinion. (*See* Doc. #10-2, *PageID* #s 50, 53). Indeed, such a statement reflects a misunderstanding of mental health impairments, which are "especially difficult to understand for those with no formal training and medical expertise in the field." *Anderson v. Comm'r of Soc. Sec.*, No. 1:19-CV-950, 2020 WL 7081644, at *13 (N.D. Ohio June 30, 2020), *report and recommendation adopted*, No. 1:19-CV-00950, 2020 WL 6143658 (N.D. Ohio Oct. 19, 2020). Thus, by discounting Dr. Gollamudi's opinions on the basis that he did not change Plaintiff's treatment regimen, the ALJ erroneously assumes that "an individual with the functional limitations assessed by Dr. [Gollamudi] would have received more aggressive treatment, or, at the very least, different treatment[,]" thereby overlooking the fact that Dr. Gollamudi "consistently recommended therapy to Plaintiff, to no avail." *Id*. It is well-settled that an ALJ may not substitute his or her personal interpretation of the evidence for those of trained medical professionals. *See, e.g., Meece v. Barnhart*, 192 Fed. App'x. 456, 465 (6th Cir. 2006) ("[T]he ALJ may not substitute his own medical judgment for that of the treating physician where the opinion of the treating physician is supported by the medical evidence.") (citing *McCain v. Dir., Office of Workers'*

9

*Comp. Programs*, 58 Fed. App'x 184, 193 (6th Cir. 2003) (citation omitted); *Pietrunti v. Director, Office of Workers' Comp. Programs, United States DOL*, 119 F.3d 1035, 1044 (2d Cir. 1997); *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990).

Furthermore, the ALJ's review of the state agency psychologists' opinions is insufficient to allow the Court to meaningfully review his findings. As an initial matter, the ALJ failed completely to address the opinion of Robert Newhouse, M.D., the state consulting psychologist at the initial determination level. When considering the various medical opinions submitted in a disability claim, the ALJ is subject to certain procedural requirements. The ALJ must "determine and articulate on the record the amount of weight given to the opinion." *Lantz v. Astrue*, No. CIV.A. 2:08-CV-966, 2010 WL 545894, at *1 (S.D. Ohio Feb. 16, 2010) (citing 20 C.F.R. § 404.1527(d); *Wilson v. Commissioner*, 378 F.3d 541 (6th Cir. 2004)). Thus, the ALJ's failure to address Dr. Newhouse's opinion or indicate the weight he attributed his opinion constitutes error.

Similarly, the ALJ's sparse analysis related to the weight assigned to Paul Tangeman, Ph.D., the state consulting psychologist at the reconsideration level, also prevents the Court from engaging in a meaningful review. Dr. Tangeman reviewed Plaintiff's records in May 2015 and opined that Plaintiff had severe impairments of an affective disorder and an anxiety disorder. (Doc. #10-2, *PageID* #s 122-31). As a result of these impairments, Dr. Tangeman found that Plaintiff did not have adaption limitations or understanding and memory limitations. *Id*. at 127-28. He did, however, find that Plaintiff was moderately limited in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, explaining that

Plaintiff should be limited to "perform[ing] static tasks without strict demands on production or pace." *Id*. at 128. He also opined that Plaintiff was moderately limited in his ability to interact appropriately with the general public and in his ability to accept instructions and respond appropriately to criticism from supervisors. *Id*. Thus, based on Plaintiff's statements that "he doesn't get along with people very well[,]" Dr. Tangeman concluded that Plaintiff should be limited to "interact[ing] with others on a superficial basis." *Id*.

Upon review, the ALJ assigned "significant, but not great weight" to Dr. Tangeman's opinion. (Doc. 10-2, *PageID* #51). In so concluding, the ALJ's analysis stated in full:

> As for the opinion evidence, significant weight is given to the assessment of the State Agency psychological consultant at reconsideration. That consultant recommended limitations of performing static tasks without strict demands on the production or pace and interacting with others on a superficial basis. The record contains evidence that [Plaintiff] warrants more detailed social restrictions that "superficial" and more specific low stress restriction (see above) than set forth by that consultant. Accordingly, that assessment is entitled to significant, but not great weight.

*Id*. (record citation omitted).

Significantly, the ALJ fails to explain *why* he assigned significant weight to Dr. Tangeman's findings. As a rule, the ALJ must build an accurate and logical bridge between the evidence and his conclusion. *Fleischer v. Astrue*, 774 F.Supp.2d 875, 877 (N.D. Ohio 2011). Thus, "an ALJ's decision must articulate with specificity reasons for the findings and conclusions that he or she makes." *Bailey v. Comm'r of Soc. Sec.*, 173 F.3d 428, 1999 WL 96920 at *4 (6th Cir. Feb, 2, 1999). *See also Hurst v. Sec'y. of Health and Human Services*, 753 F.2d 517 (6th Cir. 1985) (articulation of reasons for disability decision essential to meaningful appellate review); Social Security Ruling (SSR) No. 82–62, 1982 WL 31386, at *4 (Soc. Sec. Admin. Jan. 1, 1982) (the

"rationale for a disability decision must be written so that a clear picture of the case can be obtained"). Here, the ALJ's evaluation of Dr. Tangeman's opinion does not build an accurate and logical bridge between the evidence and his conclusion. Indeed, such a conclusory analysis of Dr. Tangeman's opinion amounts to reversible error. *See Schumpert v. Comm'r of Soc. Sec.*, 310 F. Supp. 3d 903, 910 (S.D. Ohio 2018); *Woodcock v. Comm'r of Soc. Sec.*, 201 F. Supp. 3d 912, 920 (S.D. Ohio 2016); *Hollon v. Comm'r of Soc. Sec.*, 142 F.Supp.3d 577, 584 (S.D. Ohio 2015) (holding that "[s]imply restating a non-treating source's opinion and offering a conclusory assessment, without further discussion, fails to satisfy the requirement that the ALJ provide meaningful explanation of the weight given to all the medical opinion evidence").

Further, it is well-settled that the opinion of a non-treating "one-shot" consultative physician or medical advisor cannot constitute substantial evidence to overcome the properly supported opinion of a physician who has treated a plaintiff over a period of years. *See Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1054 (6th Cir. 1983). Here, Dr. Gollamudi had been treating Plaintiff monthly for ten to eleven years. (Doc. #10-2, *PageID* #s 107-08).

Moreover, in conducting his review, the ALJ applied a more rigorous scrutiny to Dr. Gollamudi's opinions than to those of the non-treating and non-examining opinions of Dr. Tangeman. The Sixth Circuit has found that this is precisely the inverse of the analysis that the regulation requires. *Gayheart*, 710 F.3d at 379; *see also* 20 C.F.R. § 404.1527(c); SSR No. 96-6p, 1996 WL 374180, at *2 (Soc. Sec. Admin July 2, 1996). As a result, the ALJ's decision indicates that his assessment of the mental health opinion evidence failed to abide by the regulations and, therefore, calls into question the ALJ's analysis. *See Cole v. Astrue,* 661 F. 3d 931, 937 (6th Cir.

2011) ("An ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence." (internal quotation marks omitted)). Accordingly, as the ALJ's decision is not supported by substantial evidence, Plaintiff's Statement of Errors is well taken.

### IV. Remand

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

13

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking.  However, Plaintiff is entitled to a remand of this case to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above.  On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his applications for period of disability, Disability Insurance Benefits, and Supplemental Security Income should be granted.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Statement of Errors (Doc. #11) is **GRANTED;**

2. The Commissioner's non-disability finding is **VACATED**;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

5. The case is terminated on the Court's docket.


September 1, 2023   *s/Peter B. Silvain, Jr.*
                    Peter B. Silvain, Jr.
                    United States Magistrate Judge